UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kevin W. McDaniels, # 254398, | ) C/A No. 4:07-3386-TLW-TER |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| United States of America, U.S. Department of Justice; | ) |
| United States Marshals Service; | ) |
| Johnny Mack Brown, U.S. Marshal; | ) |
| Patrick Pruitt, Deputy U.S. Marshal; | ) |
| Rick Kelly, Deputy U.S. Marshal; | ) |
| John Doe 1, Deputy U.S. Marshal, and | ) |
| John Doe 2, Deputy U.S. Marshal, | ) |
| Defendants. | ) |

This matter is before the court on plaintiff's motions for injunctive relief filed January 2, 2008, February 13, 2008, and May 29, 2008. On January 2, 2008, Plaintiff filed a Motion for an "Injunction Order."[1] (Document #20). Plaintiff asks this Court to direct defendants (either the Defendants, federal agents who may or may not transport Plaintiff as some undisclosed future time, or the South Carolina Department of Corrections, where Plaintiff is currently confined and not a party to this case) to permit Plaintiff to "have in his possession at all times also while being transported his legal materials to include legal books and typewriter, and grant such other and further relief as the Court may deem Just and Proper." (Doc. # 20). In the motion, Plaintiff provides the citation to one of his *pro se* cases: a § 2255 motion to vacate filed in Plaintiff's federal criminal case in this Court: *United States v. McDaniel*, Criminal Action No.

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. The report and recommendation is entered for review by the district judge.

7:06-cr-00036-HFF-1.[2]    Although he claims to also have "pending litigation in the Court of General Sessions," Plaintiff does not give case information about this allegedly pending litigation. Plaintiff further asserts that "he has ordered a typewriter awaiting for delivery. Whereas Plaintiff will be permitted to perfect his litigation in a timely manner meeting all statute of limitations in all cases." On February 13, 2008, Plaintiff filed a motion entitled "Motion for Injunction Order."(Document # 25).  In this motion, Plaintiff requests that the court direct the SCDC "to permit his family to send by U.S. Mail the Legal Books that were seized by the U.S. Marshals Service" to the institution he is presently incarcerated. On May 29, 2008, plaintiff filed a third motion for injunctive relief basically requesting what he had requested in the previous two motions. (Document #56). Based on all the motions Plaintiff has filed in his §2255 case and this case, it appears plaintiff has been able to filed documents without the use of a typewriter.

The undersigned construes these motions as a request for preliminary injunctive relief. The Court should consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits:

> (a) plaintiff's likelihood of success in the underlying dispute between the parties; (b) whether plaintiff will suffer irreparable injury if the interim relief is denied; (c) the injury to defendants if an injunction is issued; and (d) the public interest.

North Carolina State Ports Auth. v. Dart Containerline Co. Ltd., 592 F.2d 749 (4th Cir. 1979).  See also Blackwelder Furniture Co. v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977); Fort Sumter Tours,

---

[2] This Court may take judicial notice of Criminal Action No. 7:06-cr-00036-HFF-1.  *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records). Review of the docket in *United States v. McDaniel*, Criminal Action No. 7:06-cr-00036-HFF-1 discloses that Plaintiff is actively pursuing that case and has filed numerous motions. It does not appear that Plaintiff's allegations of denial of access to court are factually supported by the docket in the only *pro se* case of his that we have a citation to.

Inc. v. Andrus, 564 F.2d 1119 (4th Cir. 1977). However, preliminary relief directed to running a state prison should be granted only in compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994).

The two most important factors are probable irreparable injury to the Plaintiff if the relief is not granted and the likelihood of harm to the Defendants if the injunction is granted. North Carolina State Ports Authority v. Dart Containerline Co., Ltd., 592 F.2d at 750. Plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly.  The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits.  Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

As noted, the courts are directed to leave prison administration to the discretion of those best suited to running the prisons.  Granting Plaintiff injunctive relief would have the effect of allowing a prisoner to "approve" actions taken by the prison administration that might have an impact on them, because any attempt to require his compliance might be construed (by any of the parties) as a violation of the order. Importantly, the Plaintiff has failed to show that he will suffer irreparable harm if preliminary relief is not granted.  A review of the Plaintiff's motions reveal that he has not shown that he has been denied access to legal materials but only claims he wants an order permitting him to keep his legal materials to include legal books and typewriter while being transported and to allow his family to mail legal materials to him. Plaintiff has not asserted and/or provided any information about any other kind of emergency or imminent dismissal, etc. with respect to this case.[3]  Apparently because some of his books were taken from him and not returned by federal agents when they were transporting him from one facility to another (the subject matter of the

---

[3] It is noted that Plaintiff has filed separate motions for injunctions in his 2255 case, 7:06-cr-00036-HFF-1 to be ruled upon by the district judge in that case.

Complaint in this case), Plaintiff now has a fear that the same thing will happen if he is transported anywhere in the future. He does not claim that such a transfer is imminent or even expected at any foreseeable time in the future. Further, Plaintiff has not shown what type of legal books he wishes for his family to mail him or that he is being denied access to courts without them.

Additionally, Plaintiff does not address any type of prejudice to BOP, SCDC, or to the public interest that might result should his request for an injunction be granted in this case. He does not suggest why this Court should step in at this time and place limits on the discretion of prison officials. As a result, it is clear that Plaintiff's Motions are insufficient to require an order for temporary injunctive relief.

Accordingly, it is recommended that plaintiff's motions (Documents #20, #25 and #56) be DENIED.

## MOTION FOR JUDGMENT ON THE PLEADINGS

On January 25, 2008, Plaintiff filed a motion entitled "Motion for Judgment on the Pleadings." A review of this motion reveals that Plaintiff asserts that he was issued a proper form order on November 29, 2007, with which he complied. Plaintiff further asserts that the Clerk of Court has failed to return said complaint, summons, exhibits and attachments that was filed and, thus, "he is unable to serve process upon the Defendants due to the Clerk of Court failing to Return pleadings that the Plaintiff has filed." Therefore, Plaintiff requests this court "to order the Clerk of Court, a clocked copy of Plaintiff's pleadings be provided to Plaintiff so Plaintiff can serve process upon the Defendants furnish a clock-copy of all pleadings and attachments." Based on a reading of the motion, Plaintiff is requesting clocked copies of his pleadings to serve upon Defendants. It is RECOMMENDED that this motion (document #24) be deemed MOOT in that an Order was issued on February 21, 2008, authorizing service of process by the clerk.

4

                                              Respectfully submitted,

                                              <u>s/Thomas E. Rogers, III</u>
                                              Thomas E. Rogers, III
                                              United States Magistrate Judge

<u>May 30</u>, 2008
Florence, South Carolina

        **The parties' attention is directed to the important information on the attached notice.**