IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kevin W. McDaniels, #254398, | ) | C.A. No. 4:07-3386-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | ORDER |
| | ) | |
| United States of America, | ) | |
| U.S. Department of Justice; | ) | |
| United States Marshals Service; | ) | |
| Johnny Mack Brown, U.S. Marshal; | ) | |
| Patrick Pruitt, Deputy U.S. Marshal; | ) | |
| Rick Kelly, Deputy U.S. Marshal; | ) | |
| John Doe 1, Deputy U.S. Marshal; | ) | |
| and John Doe 2, Deputy U.S. Marshal, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). (Doc. # 58). In his Report, Magistrate Judge Rogers recommends that plaintiff's motions (for injunction) (Documents # 20, # 25, and # 56) be denied; and that plaintiff's motion for judgment on the pleadings (Documents # 24) be deemed moot in that an order was issued on February 21, 2008 authorizing service of process by the clerk. The plaintiff has filed objections to the Report. (Doc. # 67). Additionally, the magistrate judge issued an order denying plaintiff's motion to appoint counsel on June 16, 2008. (Doc. # 62). Plaintiff objected to this Order as well. (Doc. # 69).

In conducting the review of the Report and Recommendation, the Court applies the following

1

standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. The Court accepts the Report.

As to plaintiff's objection to the June 16, 2008 Order issued by the magistrate judge denying plaintiff's motion to appoint counsel, the Court has carefully reviewed the Order and plaintiff's objection thereto.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the district court may "designate a magistrate to hear and determine any pretrial matter pending before the court." Following the magistrate's ruling, a "judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law." Id. Rule 72(a) of the Federal Rules of Civil Procedure reads as follows:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed.R.Civ.P. 72(a).

The decision of whether to appoint counsel is a pretrial matter, and thus will be reviewed under the clearly erroneous standard.  See 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a).

As correctly indicated by the magistrate judge, the law is clear that there is no right to appointed counsel in § 1983 cases.  <u>Hardwick v. Ault</u>, 517 F.2d 295 (5th Cir.1975). However, this Court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(e); <u>Smith v. Blackledge</u>, 451 F.2d 1201, 1203 (4th Cir.1971). When exercising its discretion to appoint counsel in a civil action, the appointment "should be allowed only in exceptional cases." <u>Cook v. Bounds</u>, 518 F.2d 779, 780 (4th Cir.1975). After a review of the pleadings, this Court finds that there are no unusual circumstances which would justify the appointment of counsel, nor would the plaintiff be denied due process if an attorney was not appointed. This Court notes that plaintiff's pleadings are timely, and thorough.

The Court does not find any portion of the June 16, 2008 Order to be clearly erroneous or contrary to law.  Therefore, this Court affirms the magistrate's decision not to appoint counsel and overrules plaintiff's objections.  <u>See generally</u>, <u>Moss v. Miro</u>, 2001 WL 34684735, *3 (D.S.C. 2001).

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 58); plaintiff's objections are **OVERRULED** (Doc. # 67); plaintiff's motions (for injunction) (Documents # 20, # 25, and # 56) are denied; and plaintiff's motion for judgment on the pleadings (Documents # 24) is deemed moot in that an order was issued on February 21, 1008 authorizing service of process by the clerk.  Additionally, the June 16, 2008 Order issued by the magistrate judge denying plaintiff's motion to appoint counsel is affirmed (Doc. # 62) and plaintiff's objections to the same are overruled.  (Doc. # 69).

**IT IS SO ORDERED.**

                                                  s/ Terry L. Wooten
                                                  **TERRY L. WOOTEN**
                                                  **UNITED STATES DISTRICT JUDGE**

July 21, 2008
Florence, South Carolina