UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kevin W. McDaniels, # 254398,                             ) | C/A No. 4:07-3386-TLW-TER |
| )  | |
| Plaintiff,                    )  | |
| )  | |
| vs.                                                                       )  | |
| )  | Report and Recommendation |
| United States of America, U.S. Department of Justice;  ) | |
| United States Marshals Service;                              ) | |
| Johnny Mack Brown, U.S. Marshal;                        ) | |
| Patrick Pruitt, Deputy U.S. Marshal;                        ) | |
| Rick Kelly, Deputy U.S. Marshal;                            ) | |
| John Doe 1, Deputy U.S. Marshal, and                    ) | |
| John Doe 2, Deputy U.S. Marshal,                          ) | |
| )  | |
| Defendants.                ) | |
| _____) | |

## I. PROCEDURAL BACKGROUND

The plaintiff, Kevin McDaniels ("plaintiff/McDaniels"), filed this action under 42 U.S.C. § 1983[1] on October 15, 2007. An amended complaint was filed on November 26, 2007. Plaintiff is an inmate at the Tyger River Correctional Institution serving a concurrent state and federal sentence. Plaintiff alleges that his constitutional rights were violated. On July 28, 2008, defendants filed a motion to dismiss or in the alternative a motion for summary judgment pursuant to Rule 56 of the

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

Federal Rules of Civil Procedure along with a memorandum and exhibits in support of that motion (document #77). Because the plaintiff is proceeding pro se, he was advised on or about July 29, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendants' motion for summary judgment with additional evidence or counter affidavits could result in dismissal of his complaint. Plaintiff filed a response.

## II. DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

Plaintiff brings an action under the Federal Torts Claims Act (FTCA) and a Bivens action asserting that defendants illegally seized his legal books and papers resulting in interference with his right to access the courts. Plaintiff alleges that he was transported several times with his legal books and papers to the Greenville County Federal Courthouse for hearings on his federal charges. However, plaintiff alleges that after he was sentenced in federal court on January 3, 2007,[2] he was taken to the Spartanburg County Detention Center ("SCDC"). Plaintiff asserts that on January 5, 2007, he was taken from the holding cell at SCDC to the booking area where two DUSMs were waiting to transport him and instructed him that they were not transporting his legal books or materials. Plaintiff alleges that the SCDC property officer allowed his family to pick up his ten (10) legal books and legal materials. However, plaintiff asserts that his legal documents, i.e. discovery, was not with the items his family retrieved. Plaintiff asserts he was transported to the Alvin S. Glenn

---

[2] Plaintiff has stated in his response that he did have a federal public defender representing him in federal court but was acting pro se in state court on his criminal charges.

2

Detention Center and needed his books to work on his pro se case. Plaintiff states that he was sentenced in state court on January 24, 2007, to run concurrent with his federal sentence. Plaintiff asserts that he was prepared for a jury trial but was coerced to plead guilty in state court because he did not have his legal books. Plaintiff asserts that he had his family pick up his legal books once they were taken from him. Plaintiff has alleged that his legal documents containing his discovery were destroyed but that his family acquired his legal books. Plaintiff requests that his family be allowed to send the books to him. Plaintiff asserts that he is naming DUSMs Kelly and Pruitt "whereas they should have informed the John Doe defendants that their actions of depriving said plaintiff of access to the courts by seizing his legal materials was a constitutional violation." (Amended complaint). Plaintiff has named the United States of America, United States Department of Justice, the United States Marshals Service, U.S. Marshals Kelly and Pruitt, and two John Doe U.S. Marshals. Plaintiff seeks compensatory damages for the cost of the legal books, punitive damages, and an injunctive order to require the warden to allow his family to bring or send him the books he claims were seized.

Defendants filed a motion to dismiss or in the alternative a motion for summary judgment along with two declarations. This motion is being treated as one for summary judgment as matters outside of the pleadings were submitted and considered by the court.

## B. STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v.

3

Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56.  The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56.  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56 because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof.  Celotex, 477 U.S. at 322-323.

4

## C. FTCA/BIVENS

Defendants first argue that it appears plaintiff is suing the defendants in their official capacity under the FTCA and in their individual capacity pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S,. 388 (1971). Defendants argue that under the FTCA, the United States is the only proper defendant as agencies cannot be sued under the FTCA and personal capacity suits against employees are not cognizable under the FTCA.

Defendants also argue that plaintiff's allegations about the individually named United States Marshals relate to actions they allegedly took in their official, not personal, capacity.

### FTCA

Personal capacity suits against employees are not cognizable under the FTCA. 28 U.S.C. §2679(b)(1). Furthermore, agencies cannot be sued under the FTCA. 28U.S.C. §2679(a). The United States is the only proper defendant under the FTCA. 28 U.S.C. 1346(b)(1). Therefore, plaintif's claims under the FTCA against the individual defendants and/or the federal agencies (USMS and the U.S. Department of Justice) should be dismissed.

### BIVENS

Plaintiff has also brought suit against defendants under Bivens, supra. Initially, the court notes the Bivens claims are not actionable against the United Sates , federal agencies, or public officials acting in their official capacities. FDIC v. Meyer, 510 U.S. 471, 475 (1994). Suits against federal officials may not be brought under § 1983. District of Columbia v. Carter, 409 U.S. 418,

5

424-25 (1973). Federal courts have power under 28 U.S.C. § 1331 (1994) to award damages occasioned by infringements by federal officials of constitutionally protected interests. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); see Radin v. United States, 699 F.2d 681, 684 (4th Cir. 1983) (Bivens recognized an action against federal officers sued in individual capacities, but not against the United States). Plaintiff's Bivens action cannot lie against the United States nor against the individual defendants in their official capacities. *See* United States v. Mitchell, 463 U.S. 206, 212 (1983) (the United States cannot be sued without its express consent.); Radin v. United States, 699 F.2d 681, 685 (4th Cir.1983); Keene Corp. v. United States, 700 F.2d 836, 845 n. 13 (2d Cir.1983) (*Bivens* does not allow for recovery of money damages, or suits in general, against the government itself.). Accordingly, the plaintiff's claims against the defendants the United States, the United States Marshals' Service, the United States Department of Justice, and the individual defendants in their official capacities should be dismissed.[3]

## D. EXHAUSTION

Defendants argue that the FTCA provides for recovery of money damages against the United States for cognizable state or common law torts committed by federal officials while acting within the scope of their employment. 28 U.S.C. §§1346(b), 2674. However, defendants argue that the

---

[3] Sovereign immunity does not bar damage actions against federal officials in their individual capacities for violation of an individual's constitutional rights. Gilbert v. Da Grossa, 756 F.2d 1455, 1459 (citing Davis v. Passman, 442 U.S. 228(1979); Bivens, supra. Thus, to the extent defendants are being sued in their individual capacities under Bivens, plaintiff's claims are not barred by the doctrine of sovereign immunity.

FTCA requires plaintiff to exhaust all administrative remedies before bringing suit. Defendants argue that plaintiff has not filed an administrative tort claim with the USMS. Defendants assert that it is not sufficient that plaintiff filed claims, if he did, with the state authorities based on the same conduct. Thus, defendants assert the court does not have subject matter jurisdiction over plaintiff's claims under the FTCA.

In his response in opposition, plaintiff asserts that he filed grievances at the state facilities/authorities so that he has exhausted his administrative remedies.

28 U.S.C. §2401(b) requires that claims brought under the Federal Tort Claims Act (FTCA) be presented to the appropriate agency within two years after the claim accrues. Also, the claim must be "presented" prior to an action being commenced in court. 28 U.S.C. §2675(a). §2675(a) states as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

The presentment of an administrative claim is jurisdictional and cannot be waived. *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986). "Presenting" a claim requires written notification and a claim for money damages in a sum certain. 28 C.F.R. §14.2(a). §14.2(a) has been interpreted to be satisfied "if the notice (1) is sufficient to enable the agency to investigate and (2)

7

places a 'sum certain' value on her claim."[4] *Ahmed v. United States*, 30 F.3d 514,517 (4th Cir. 1994)(internal citations and quotations omitted).   The "notice" prong of the administrative claim requires "adequate notice [to the Government] to properly investigate the underlying incident so that it may either reasonably assess its liability or competently defend itself." *Drew v. United States*, 217 F.3d 193, 197 (4th Cir. 2000).[5]

The sum-certain prong is of substantial importance and "gives effect to Congress' intent that a presentment would initiate settlement procedure in which the agencies were to investigate claims." *Id.* (citing S.Rep. No. 1327, 89th Cong., 2d Sess. 3-4, reprinted in U.S.Code Cong. & Admin. News 2515, 2517).

In *McNeil v. United States*, 508 U.S. 106 (1993), the Supreme Court addressed the issue of whether an action under the FTCA may be maintained when the claimant failed to exhaust his administrative remedies prior to filing suit, but did so before substantial progress was made in the litigation. *Id.* at 107. The *pro se* plaintiff initially filed suit in United States District Court, four months later filed an administrative claim with the Government agency, the Government agency

---

[4] *But see Spivey v. United States*, 912 F.2d 80, 84 (4th Cir. 1990)(amount in excess of the sum certain claimed in the administrative claim may be claimed in litigation if based upon newly discovered evidence not reasonably discoverable at time of filing administrative claim or intervening facts).

[5] As noted in *Drew*, "in enacting §2675, Congress sought 'to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States.' S. Rep. NO. 1327, 89th Cong., 2d Sess. 2 (1966), reprinted in 1966 U.S.C.C.A.N. 2515, 2516. . . . The purpose of this notice 'is to protect the [Government] from the expense of needless litigation, give it an opportunity for investigation, and allow it to adjust differences and settle claims without suit.' S.Rep. at 7; 1966 U.S.C.C.A.N. at 2517." *Drew*, 217 F.3d at 198, n. 3.

denied the claim approximately three weeks later, and then approximately one year later plaintiff served the defendant with the summons and complaint from the suit he initially filed in district court. *Id.* at 110. In essence, the *pro se* plaintiff in *McNeil* prematurely filed his action in court prior to exhaustion of his administrative remedies. The court rejected the argument that a prematurely filed action should be allowed to proceed if no substantial progress had taken place in the litigation because there is no violation of the purpose of §2675(a): the federal agency will have had a fair opportunity to investigate and possibly settle the claim before engaging in costly, time-consuming litigation. *Id*. at 11-112. In its rejection of the argument, the Court relied on the plain reading of the statutory text requiring exhaustion of administrative remedies before commencing suit. *Id*. at 111. The Court noted that "[a]lthough the burden may be slight in an individual case, the statute governs a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command." *Id*. at 112

Defendants submitted the declaration of USMS General Counsel Gerald Auerbach who states that the office searched the FTCA claim records to determine if a claim was presented to the USMS by or on behalf of plaintiff arising out of the incidents described in the complaint. Auerbach states that the search did not reveal any FTCA claim presented to the USMS by or on behalf of plaintiff. (Auerbach declaration). Plaintiff has not presented any evidence or alleged that he presented claims to the USMS in reference to the allegations in this action, only that he filed grievances with the state facility. Therefore it is recommended that the actions under the FTCA be dismissed for failure to exhaust administrative remedies.

9

Defendants argue that plaintiff has failed to exhaust his Bivens claims pursuant to the PLRA, 42 U.S.C. 1997e(a) (1996) in that he has not filed an administrative claim with the USMS with respect to the claims raised in this action and, therefore, he has not exhausted all available administrative remedies.

Plaintiff has failed to provide evidence that he has exhausted all administrative remedies based on the allegations raised in this action. Plaintiff asserts that he submitted grievances to the state officials. However, this action is not against state officials. Therefore, it is recommended that plaintiff's claims in this action be dismissed for failure to exhaust.

Based on the above, it is recommended that this action be dismissed for failure to exhaust administrative remedies under the FTCA and the PLRA.

### III.  CONCLUSION

Based on the above reasoning, it is RECOMMENDED that the motion filed by the defendants for summary judgment (document #77) be GRANTED IN ITS ENTIRETY and that this matter be DISMISSED.

It is further RECOMMENDED that all outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers III
United States Magistrate Judge

December 2 , 2008
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**